# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

Darnell Wesly Mann
Plaintiff

v.

Charles Samuels Jr, BoP Director
D. Scott Dodrill, former AD CPD
Brian K. Davis, AD CPD
Thomas R. Kane Central office
Defendant(s)

Case Number: 15-cv-876-MJR
(Clerk's Office will provide)

## PRO SE CIVIL RIGHTS COMPLAINT
## (Non-Prisoner)

### I. JURISDICTION

Subject matter jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983. List any additional bases for federal subject matter jurisdiction here: Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)

### II. PARTIES

**Plaintiff:**

A. Plaintiff, a citizen of Missouri (state), who resides at 605 North Sprigg Street, Apt 2, Cape Girardeau, MO 63701, alleges that his/her civil rights were violated by the individual(s) named below.

**Defendant #1:**

B. Defendant Charles Samuels Jr. (a) (Name of First Defendant) is employed as Director (b) (Position/Title)

(10/2010)

with Federal Bureau of Prisons, 320 First Street,
(c) (Employer's Name and Address)

N.W., 320 First Street, N.W., Washington, D.C. 20530

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☑ Yes ☐ No

If your answer is YES, briefly explain: current Director of the BOP

Check one of the following:

☑ This defendant **personally participated** in causing my injury, and I want **money damages.**

☑ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

**Defendant #2:**

C. Defendant Thomas R. Kane is employed as
(Name of Second Defendant)

BOP
(Position/Title)

with Federal Bureau of Prisons, 320 First Street, N.W.,
(Employer's Name and Address)

Washington, D.C. 20530

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government? ☑ Yes ☐ No

If you answer is YES, briefly explain: Currently works for the BOP

Check one of the following:

☑ This defendant **personally participated** in causing my injury, and I want **money damages.**

☑ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

**Defendant #3:**

D. Defendant D. Scott Dodrill is employed as
(Name of Third Defendant)

Assistant Director/Correctional Programs Division
(Position/Title)

with Federal Bureau of Prisons, 320 First Street, N.W.,
(Employer's Name and Address)
Washington, D.C. 20536

At the time the claim(s) alleged in this complaint arose, was Defendant #3 employed by the state, local, or federal government? ☑ Yes ☐ No

If you answer is YES, briefly explain: Current Assistant Director of the BOP Correctional Programs Division

Check one of the following:

☑ This defendant **personally participated** in causing my injury, and I want **money damages.**

☑ The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone to something).

**Additional Defendant(s) (if any):**

E. Using the outline set forth above, identify any additional Defendant(s), using additional pages, if necessary.

-See Attached-

## III. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in this federal court?
☐ Yes ☑ No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.

1. Parties to previous lawsuits:

Plaintiff(s):

Defendant(s):

2. Case number:

3. Name of Judge to whom case was assigned:

4. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?):

## IV. STATEMENT OF CLAIM

State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege several related claims, number and set forth each claim in a separate paragraph.

(see Attached)

## V. REQUEST FOR RELIEF *(check as many boxes as appropriate)*

Plaintiff requests that the court grant the following relief:

Compensatory damages in the amount of $ 100,000.00 .

Punitive damages in the amount of $ 22,600.00 .

An ordering requiring defendant(s) to:
close down the cmu

A declaration that: defendants violated the Constitution, laws, and/or treaties of the United States

Other: plaintiff's costs in this suit

## VI. JURY DEMAND *(check one box below)*

Plaintiff ☑ does or ○ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 8-1-2015
(date)

[signature]
Signature of Plaintiff

605 N. Sprigg Street, Apt #2
Street Address

Darnell N. Moon
Printed Name

Cape Girardeau, MO 63701
City, State, Zip

I. Jurisdiction

1. This is a civil action, authorized by Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), to redress the deprivation of rights secured by the Constitution, laws, and treaties of the United States. Plaintiff's claims for declaratory relief are authorized by 28 USC 2201 and 28 USC 2202. Plaintiff's claim for injunctive relief are authorized by 28 USC 2284. Plaintiff's claims for Intentional Infliction of Emotional Distress are authorized by Illinois State law.

II. Venue

2. This Court has venue pursuant to 28 USC 1391(b)(2), because it is where the events giving rise to this cause of action occurred.

III. Parties

3. Plaintiff, Darnell W. Moon, a former prisoner, is located at 605 N. Sprigg Street, Apt #2, Cape Girardeau, MO 63701.

4. Defendant, Charles Samuels Jr., is located at 320 First Street, N.W., Washington, D.C. 20530.

5. Defendant, Thomas R. Kane, is located at 320 First Street, N.W., Washington, D.C. 20530.

6. Defendant, D. Scott Dodrill, is located at 320 First Street, N.W., Washington, D.C. 20530. Title: former Assistant Director of Correctional Programs Division.

7. Defendant, Brian K. Davis, is the Assistant Director of the Correctional Programs Division, and is located at 320 First Street, N.W., Washington, D.C. 20530.

8. Defendant, Leslie Smith, is the Chief of the BOP Counterterrorism Unit ("CTU"), located at 320 First Street, N.W., Washington, D.C. 20530.

9. Defendant, Amber Nelson, is an Executive Assistant in the BOP North Central Regional Office, located at 400 State Avenue, Suite 800, Kansas City, KS 66101.

10. Defendant, Paul M. Laird, is the Regional Director of the BOP North Central Regional Office located at 400 State Avenue, Suite 800, Kansas City, KS 66101.

11. Defendant, D. Schiavone, is an Intelligence Analyst (Senior) with the BOP Counterterrorism Unit and address is: KNOWN ONLY BY THE BOP.

12. Defendant, John Bair, is an Intelligence Analyst, with the BOP Counterterrorism Unit located in Martinsburg, WV. Address: KNOWN ONLY BY THE BOP.

13. Defendant, April Cruitt, is an Intelligence Analyst with the BOP Counterterrorism Unit in Martinsburg, WV. Address: KNOWN ONLY BY THE BOP.

14. Defendant, William Falls, is an Intelligence Analyst, with the BOP Counterterrorism Unit in Martinsburg, WV. Address: KNOWN ONLY BY THE BOP.

15. Defendant, T. Capaldo, is an Intelligence Analyst with the BOP Counterterrorism Unit in Martinsburg, WV. Address: KNOWN ONLY by the BOP.

16. Defendant, Stephen Colt, is an Intelligence Analyst with the BOP Counterterrorism Unit in Martinsburg WV. Address: KNOWN ONLY BY THE BOP.

17. Defendant, J. Simmons, is an Intelligence Analyst with the BOP Counterterrorism Unit in Martinsburg, WV. Address: KNOWN ONLY BY THE BOP.

18. Defendant, Wendy Roal, is a former Warden at USP Marion, IL. Address: KNOWN ONLY BY THE BOP.

19. Defendant, J.S. Walton is the current Warden at USP Marion, Illinois. Address: 4500 Prison Road, Marion, IL 62959.

20. Defendant, R. Roloff is the Supervisory Chaplain at USP Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

21. Defendant, Henry Rivas, is an Intelligence Research Specialist located at USP-Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

22. Defendant, M. Neumann, is a Case Manager Coordinator at USP Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

23. Defendant, Steven Cardona, was at all times, a Unit Manager at USP Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

24. Defendant, G. Burgess, is currently a Case Manager at USP-Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

25. Defendant, Dan Sproul, was a former Associate Warden at USP Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

26. Defendant, Calvin Johnson, was an Associate Warden of Correctional Services at USP Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

27. Defendant, Steve Julian, was at all times, an Associate Warden of Operations at USP Marion, IL. Address: KNOWN ONLY BY THE BOP.

28. Defendant, Jeff Baney, was at all times an Executive Assistant at USP Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

29. Defendant, John Parent, was a former Warden (Associate) of Programs at USP-Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

30. Defendant, Lawrence Howard, was a former Captain at USP-Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

31. Defendant, E. Garcia, is a Captain at USP Marion, IL. Address: 4500 Prison Road, Marion, IL 62959.

(C)

32. At all times mentioned herein, The defendants acted under color of federal law. The plaintiff seeks monetary damages against all defendants.

IV. Background

33. Plaintiff, a Sunni Muslim inmate, was formerly confined at the Communications Management Unit ("CMU"), also known as the "Muslim Control Unit" from January 2012 to December 2013. Plaintiff is no longer a "prisoner" as he is not incarcerated, nor confined to a halfway house or any sort of detention center. Defendant's Roal, Neumann, Rivas, Burgess, Schiavone, Smith, Cruitt, Capaldo Colt, Simmons, Bair, Falls, Laird, Nelson, Kane, Dodrill, and Julian, all approved plaintiff's initial placement into the CMU in January 2012. Inmates placed into the CMU, fall into several categories, such as (1) inmates who have repeatedly filed and placed false liens and encumbrances against judges and law enforcement officers, (2) sex offenders who have repeatedly contacted the victims of their crimes, (3) inmates convicted of terrorism cases, (4) inmates found to have repeatedly abused their communications, amongst others.

34. Upon arrival to the CMU, defendants Rivas, Neumann, and later Roal, Julian, and Parent, informed the plaintiff that he would remain in the CMU for the remainder of his sentence and up until plaintiff was sent to a halfway house. Defendant Rivas told the plaintiff that

he needed to stay away from "those religious nuts" in the CMU, referencing the Sunni Muslim Community. Prisoners in the CMU are subject to increased restrictions and monitoring of their communications with other inmates and persons outside the prison. Plaintiff was told by defendants Roal, Neumann, Rivas, and eventually Cardona, Parent, Sproul, Johnson, Julian that he would be limited to only 2 visits per month of fours each. Plaintiff was also told by the defendants previously mentioned that he would also ONLY be allowed one 15-minute phone call per week, which must be approved in advance by Rivas or any other member of plaintiff's Unit Team.

35. Plaintiff had no contact with any inmates in the general population, who often refer to the CMU as the "terrorist unit;" had no access to the mailroom, and had access, very little, to a job while in the CMU. Jobs in the CMU also offered much less than jobs in other areas of the prison. General population inmates have over 300 minutes of telephone usage, have contact visits, may participate in trade and other vocational programs, amongst other things. Inmates located at the federal SUPERMAX prison in Florence, Colorado have four times more visits than inmates in the CMU. Because of those conditions were so harsh and punitive in nature, plaintiff believes that defendants were required to provide him with Due Process protections prior to his CMU placement, and at subsequent reviews.

36. Six months after arriving at the CMU, plaintiff took the "Shahadah", the Islamic declaration of faith. Defendants Rivas, Neumann, and Cardona, all after becoming aware of this, became very hostile towards plaintiff and began, ultimately, to deny plaintiff a transfer, based upon his religious beliefs. The written "notice of transfer to CMU" states that plaintiff had a

right to appeal the transfer via the BOP's Administrative Remedy Program. Defendants Rivas, Cardona, Neumann, and Burgess all conducted reviews of Plaintiff's placement in the CMU every 6 months, at which plaintiff requested to be transferred from the CMU. Defendants told plaintiff that "since you have become a Muslim since you've been here, we're definitely not sending you out to general population to radicalize anyone like the Arabs in here."

37. These defendants then told him that even if they wanted to transfer him, which they didn't they didn't have the power to do so, which ONLY comes from defendants Dodrill, Davis, Nelson, Laird, all of the Counterterrorism Unit ("CTU") staff, all of the Associate Wardens, including Captain Howard and Captain Garcia. Upon information and belief, plaintiff believes these defendants routinely denied him transfer to a general population unit, based upon a discriminatory policy of keeping plaintiff and other Muslims in the CMU. Although plaintiff has since been released from the CMU, plaintiff ONLY seeks money damages for violations of his constitutional rights.

## V. Legal Claims

38. Plaintiff contends that defendants Samuels Jr., Kane, Nelson, Davis, Dodrill, Smith, Laird, Roal, Walton, Roloff, Rivas, Neumann, Burgess, Cardona, Sproul, Johnson, Julian, Parent, Schiavone, Cruitt, Colt, Capaldy, Bair, Simmons, Falls, Baney, Howard, Garcia, all violated his Fifth Amendment Due Process rights by failing to provide him with Procedural Due Process prior to his transfer

to the CMU, and at subsequent reviews, as set out in plaintiff's complaint.

39. Plaintiff contends that all of the defendants violated his Fifth and/or Fourteenth Amendment right(s) to Equal Protection under the Law by continuing to retain plaintiff in the CMU after he became Muslim, based on the fact that he is a Sunni Muslim, as stated in the complaint.

40. Plaintiff brings a claim of Intentional Infliction of Emotional Distress against all of the defendants because plaintiff believes these defendants intended to inflict distress against him. As a result, plaintiff has suffered emotional distress.

## VI. Requested Relief

41. Plaintiff requests that this Court grant him the following relief to which he may be entitled:
(a) A declaration that defendants' acts and/or omissions violated the Constitution, laws, and/or treaties of the United States;
(b) Compensatory damages, jointly against all defendants in the amount of $50,000.00;
(c) Punitive damages jointly against all defendants in the amount of $50,000.00;
(d) Damages for Intentional Infliction of Emotional Distress in the amount of $10,000.00;
(e) Plaintiff's costs in this suit;

(f) A jury trial on all issues triable by a jury;
(g) Any other relief this Court deems just, proper, and equitable.

/s/ Darnell Moon

[signature]