IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL WESLEY MOON,** ) | |
| **#34077-044,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00876-JPG |
| ) | |
| **D. SCOTT DODRILL,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of a Motion to Rescind Restricted Filer Status filed by Plaintiff Darnell Moon on June 23, 2020. (Doc. 77). The filing restriction at issue was imposed by Chief Judge Michael Reagan on May 13, 2016. (Doc. 68). Plaintiff's underlying suit was dismissed with prejudice for fraudulent omission of his litigation history in his application for leave to proceed *in forma pauperis*. (*Id*.). Plaintiff failed to disclose more than sixty (60) cases he filed during his incarceration between 2008 and 2014 and more than three (3) "strikes" he received under 28 U.S.C. § 1915(g).[1] He also failed to disclose the seventeen (17) or more cases he filed during supervised release, including more than a half-dozen in this District. The Court found that Plaintiff's omissions were material, intentional, and

---

[1] *See Moon v. Samuels*, No. 15-cv-861-JPG-SCW (S.D. Ill.) (Doc. 103, pp. 1-2) (citing *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364 (7th Cir. 1983) (federal court may take judicial notice of other court proceedings related to the matter at bar)); *Moon v. Walton*, No. 15-cv-889-JPG-SCW (S.D. Ill.) (Doc. 87, p. 1); *Moon v. Rivas*, No. 15-cv-890-JPG-DGW (S.D. Ill.) (Doc. 19; Doc. 29, p. 3); *Moon v. Rivas*, No. 15-cv-891-SMY-PMF (S.D. Ill.) (Doc. 69); *Moon v. Garcia*, No. 15-cv-921-SMY-RJD (S.D. Ill.) (Doc. 43).

1

fraudulent and entered an Order prohibiting him from "**filing any further litigation in this Court until he pays all outstanding fees**."[2] (Doc. 68, p. 5) (emphasis added).

Plaintiff now asks the Court to lift the filing restriction. Although Plaintiff was allowed to bring this matter before the Court for consideration, this Court declines to lift the restriction. Plaintiff still owes this Court more than $2,900.00 in unpaid fees he accumulated before the filing restriction was imposed.[3] He acknowledges these unpaid fees, but states that he has no money. Further, the Court finds that Plaintiff has exercised virtually no self-restraint from abusive litigation while the filing restriction has been in effect. Although the Court agrees that the restriction should not be perpetual, the Court finds that the restriction must remain in effect to curb Plaintiff's abusive litigation tactics in this District. The Prison Litigation Reform Act's (PLRA) three-strikes bar to litigation will not sufficiently deter Plaintiff from continuing his filing spree that never ended. 28 U.S.C. § 1915(g).

Plaintiff is not entitled to the relief he seeks—under any authority. *See, e.g.,* FED. R. CIV. P. 60; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (1995); *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997). He has not satisfied his obligation to pay $2,902.00 in fees to this Court, and he remains obligated to do so. Moreover, the prior sanctions did not curb his abusive litigation conduct. Plaintiff simply continued filing suits for civil damages in other federal district courts during the past four years. (Doc. 79, p. 2) (citing Case Nos. 16-cv-208 (E.D. Mo.); 16-cv-1866

---

[2] At the time, Moon was also subject to a filing restriction in a habeas action. *See Moon v. Roal*, No. 12-cv-982-DRH (Doc. 12) ("[A]ny future civil action petitioner may file in this Court (including any action seeking habeas relief), shall not be considered by the Court until full payment of the filing fee for this case has been made).

[3] Moon owes the following amounts: *Moon v. Roal*, No. 12-cv-983-MJR-SCW ($350.00); *Moon v. United States*, No. 12-cv-1090-JPG ($332.02); *Moon v. Samuels*, No. 15-cv-861-JPG-SCW ($400.00); *Moon v. Dodrill*, No. 15-cv-876-JPG ($350.00); *Moon v. Walton*, No. 15-cv-889-JPG-SCW ($400.00); *Moon v. Rivas*, No. 15-cv-890-JPG-DGW ($350.00); *Moon v. Rivas*, No. 15-cv-891-SMY-PMF ($350.00); *Moon v. Garcia*, No. 15-cv-921-SMY-RJD ($350.00); *Moon v. Roal*, No. 12-cv-636-CJP ($5.00); *Moon v. Roal*, No. 12-cv-982-DRH ($5.00); *Moon v. Roal*, No. 12-cv-1070-DRH ($5.00); *Moon v. Roal*, No. 13-cv-68-DRH ($5.00).

(M.D. Tenn.); 17-cv-125 (E.D. Mo.); 17-cv-132 (E.D. Mo.); 18-cv-117 (E.D. Mo.); 2019-cv-17 (E.D. Mo.); and 2019-cv-1355 (D. Ore.)).  During the past month, this Court received six more cases Plaintiff filed in Williamson County, Illinois, and the defendants removed to this District: Case Nos. 2020-L-3, 2020-L-47, 2020-L-60, 2020-L-63, 2020-L-67, and 2020-L-68.  (Doc. 79, pp. 2-3).  The Court will not tolerate Plaintiff's persistent abuse of the judicial process.

## Disposition

The Motion to Rescind Restricted Filer Status (Doc. 77) is **DENIED**.  Plaintiff is a litigious inmate, who has amassed significant unpaid filing fees in this District and pursued litigation in state and federal courts throughout the United States, without deterrence, while this filing restriction has been in effect.  In light of the above, Plaintiff's **FILING RESTRICTION REMAINS IN EFFECT** and is **EXTENDED**.  Accordingly, Plaintiff is prohibited from filing any further litigation, including any papers in a civil action, in this District until such time as his outstanding filing fees of $2,902.00 are paid in full.  *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (1995); *Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997).  The filing restriction does not extend to a notice of appeal filed in this case, a petition for writ of habeas corpus, or any pleadings filed as a defendant in a criminal action.  *Id*.  Unless some other action is taken by the Court, any petition for writ of habeas corpus Plaintiff files in this District should be considered denied and dismissed thirty (30) days after it is filed.  Plaintiff may seek modification or rescission of this Order, by filing a motion in this Court *no earlier* than two years from the date of entry of this new Order (no sooner than July 21, 2022).

The Clerk is again **DIRECTED** to return any documents submitted in violation of this Order and the Order Imposing Filing Restriction (Doc. 68, p. 5) to Plaintiff **UNFILED**.  The

Clerk is also **DIRECTED** to mail a copy of this Order to Plaintiff's address of record in this case.

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

**DATED:  July 21, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**